UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:07-cr-00066-SEB-MJD |
| ROGER RICHARDSON, | ) ) | -05 |
| Defendant. | ) ) | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Now before the Court is an Objection to Report and Recommendation on the Petition for Warrant or Summons for Offender Under Supervision filed by Defendant Roger Richardson. For the reasons set forth herein, the Court **OVERRULES** Defendant's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. 492] as discussed below.

## **Background**

On January 16, 2008, Mr. Richardson was charged by superseding indictment with one count of conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine and one count of possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine, all in violation of Title 21, United States Code, Section 841(a)(1). On April 15, 2008, Mr. Richardson entered a petition to enter a guilty plea as to the conspiracy charge and the possession charge was subsequently dismissed by the government. Mr. Richardson appeared for a change of

1

plea and sentencing hearing on June 30, 2008 and was sentenced to 120 months of incarceration and five years supervised release.

After Mr. Richardson finished serving his sentence, his term of supervised release commenced on April 3, 2015. On November 16, 2017, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, on which the Magistrate Judge held a preliminary hearing on December 22, 2017. At the hearing, Mr. Richardson moved to hold the petition in abeyance pending resolution of the underlying allegations of violations and the Court granted the same. The Magistrate Judge conducted a final revocation hearing on November 13, 2019, at which Mr. Richardson admitted to violating his conditions of supervision, specifically, that he not commit another federal, state, or local crime, given that he was arrested on November 14, 2017, and being charged with Dealing in Cocaine (10 or More Grams), felony, and Possession of Cocaine (28 or More Grams), felony, in Marion County, Indiana. At the time of Mr. Richardson's arrest, a search by law enforcement of his residence, vehicle and person revealed, *inter alia*, suspected crack cocaine in excess of 234 grams, digital scales, $3,440.00 in U.S. currency, and a glass Pyrex dish with suspected cocaine residue.

The Magistrate Judge recommended that Mr. Richardson's supervised release be revoked and that he be incarcerated for thirty (30) months to be served consecutively to the sentence imposed under 1:17-cr-0246-TWP-MJD-1, with no additional supervised release to follow. On December 4, 2019, Mr. Richardson filed an Objection to the Report and Recommendation of the Magistrate Judge, which is now ripe for the Court's consideration.

## Standard of Review

Federal Rule of Criminal Procedure 59(b)(3) provides that the Court will review recommendations on dispositive motions *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Crim. P. 59(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 1999 WL 527927, at *2 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id.* Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

## Discussion

Mr. Richardson objects to the Magistrate Judge's consideration of the factors set forth in 18 U.S.C. § 3553(a), arguing that certain of those factors, namely, his acceptance of responsibility in this and related cases as well as the nature and circumstances of the

offense, were not fully or fairly considered by the Magistrate Judge. Mr. Richardson maintains that, when properly considered, the § 3553(a) factors would support a finding either that a sentence to run concurrently with the sentence in 1:17-cr-0246-TWP-MJD-1 or a consecutive sentence below the relevant guideline range is appropriate. The government has not responded to Mr. Richardson's objection.

Upon *de novo* consideration of the § 3553 factors, we hold that a 30-month sentence of incarceration to run consecutively to the sentence imposed in 1:17-cr-0246-TWP-MJD-1, as recommended by the Magistrate Judge, is appropriate. We find it significant that, after serving a 120-month sentence for the original offense, Mr. Richardson returned to the same criminal conduct within two years following his release, all while under supervision. Mr. Richardson argues that because his acceptance of responsibility in this and related cases was significant, a concurrent or consecutive sentence below the guideline range is warranted. However, as discussed in detail by the parties at the revocation hearing, Mr. Richardson's acceptance of responsibility had already been appropriately factored into the 120-month sentence he received in 1:17-cr-0246-TWP-MJD-1. For these reasons, as well as the fact that supervised release restrictions were not previously effective in deterring Mr. Richardson from reoffending, we hold that a 30-month sentence of incarceration, which reflects the low end of the applicable guideline range, is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).

**<u>Conclusion</u>**

For the foregoing reasons, the Court <u>OVERRULES</u> Mr. Richardson's Objection to Report and Recommendation and <u>ADOPTS</u> the Magistrate Judge's Report and Recommendation [Dkt. 492].

Date: _____12/20/2019_____     _____*[signature]*_____
                                                                   SARAH EVANS BARKER, JUDGE
                                                                   United States District Court
                                                                   Southern District of Indiana

Distribution to counsel of record via CM/ECF